UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRANK DOUGLAS HENDERSON,

       Petitioner,

v.                                               CASE NO. 2:12cv13482
                                                HONORABLE ARTHUR J. TARNOW

STEVE RIVARD,

       Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION
## TO HOLD THE HABEAS PETITION IN ABEYANCE AND
## CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

### I.  Introduction

      Pending before the Court are Petitioner's habeas corpus petition under 28 U.S.C. § 2254 and his motion to hold the habeas petition in abeyance.  Petitioner challenges his Ingham County convictions for three counts of criminal sexual conduct in the third degree.  He is serving a sentence of fifteen to twenty-five years in prison.  The Michigan Court of Appeals affirmed Petitioner's convictions, and on November 21, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues.  *See People v. Henderson*, 490 Mich. 912 (2011) (table).

      Petitioner filed his habeas corpus petition and pending motion in this Court on August 8, 2012.  His first habeas claim alleges that his convictions must be overturned because the State of Michigan did not bring him to trial within 180 days, as is required by Michigan law.  The second and final habeas claim alleges that the trial court erred by not

*Henderson v. Rivard*, No. 2:12cv13482

granting an evidentiary hearing on a medical issue concerning a sexually transmitted disease and Petitioner's lack of infection.

Petitioner states that he raised both habeas claims in the Michigan Court of Appeals, but only his second claim in the Michigan Supreme Court. In his pending motion, he seeks to hold his habeas petition in abeyance while he returns to state court and files a motion for relief from judgment.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state court before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). To properly exhaust state remedies, a petitioner must fairly present the legal and factual basis for each claim to the state court of appeals and to the state supreme court before raising the claims in federal court. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

Petitioner seeks to present his existing claims to the state courts as constitutional issues. He also wishes to exhaust state remedies for several new claims regarding trial counsel, appellate counsel, and state court errors.

District courts "ordinarily have authority to issue stays" when "a stay would be a proper exercise of discretion," *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and, if the Court were to dismiss Petitioner's habeas petition while he pursues additional state remedies, a subsequent petition could be barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under similar circumstances, some courts have taken a "stay and abeyance" approach whereby a

*Henderson v. Rivard*, No. 2:12cv13482

federal district court holds a habeas petition in abeyance while the petitioner pursues state remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. at 275. After the petitioner exhausts state remedies, the district court lifts the stay and allows the petitioner to proceed in federal court. *Id*. at 275-76.

Stay and abeyance are permissible if there was good cause for the petitioner's failure to exhaust his claims first in state court, the unexhausted claims are not meritless, and the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78. Petitioner's unexhausted claims are not plainly meritless, and he is not engaged in abusive litigation tactics. Furthermore, he implies that appellate counsel was "cause" for his failure to exhaust state remedies before filing his habeas corpus petition.

The Court concludes that it would not be an abuse of discretion to stay this case while Petitioner exhausts state remedies. Accordingly, Petitioner's motion to hold his habeas petition in abeyance [Doc. Number 2, filed Aug. 8, 2012] is GRANTED.

The Court's stay is conditioned on Petitioner filing a post-conviction motion in state court within **ninety (90) days** of the date of this order. If he is unsuccessful in state court and wishes to return to federal court, he shall file an amended habeas corpus petition and a motion to

*Henderson v. Rivard*, No. 2:12cv13482

re-open this case, using the same caption and case number that appear on this order.  The motion to re-open the case and the amended petition shall be due within **ninety (90) days** of exhausting state remedies.  This case is hereby closed for administrative purposes.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 18, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of parties/record on September 18, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant